UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| CPF LEGACY, LLC and JEFI ENTERPRISE (USA) INC., | : : : : |
| Plaintiffs, | : Court No. 25-00149 |
| v. | : : |
| UNITED STATES, | : : |
| Defendant. | : : |

## COMPLAINT

Plaintiffs CPF Legacy, LLC dba C. Pacific and JEFI Enterprise (USA) Inc., by and through undersigned counsel, hereby allege and state as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1.  Plaintiffs seek review of the final determination of the U.S. Department of Commerce, International Trade Administration's ("Commerce") finding pursuant to Section 781(d), Tariff Act of 1930, as amended ("Tariff Act"), 19 U.S.C. § 1677j(d), that monosodium glutamate ("MSG") completed in Malaysia using glutamic acid produced in the People's Republic of China ("China") is subject to the antidumping duty ("AD") order on MSG from China, published as *Monosodium Glutamate from the People's Republic of China: Final Affirmative Determination of Circumvention*, 90 Fed. Reg. 22,702 (May 29, 2025) ("*Circumvention Determination*"), accompanying Issues and Decision Memorandum (May 22, 2025) ("IDM").

## JURISDICTION

2.  This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3.    Plaintiffs CPF Legacy, LLC and JEFI Enterprise (USA) Inc. are U.S. importers who have sourced MSG from Malaysia that was made subject to the AD order on MSG from China through the *Circumvention Determination*. Plaintiffs participated in the anticircumvention proceeding by Commerce that resulted in the *Circumvention Determination*, by submitting factual information and written briefs. Therefore, Plaintiffs are interested parties as described in Section 771(9)(A) of the Tariff Act, 19 U.S.C. § 1677(9)(A), and accordingly have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4.    Section 516A(a)(2)(A)(ii) of the Tariff Act requires that, in actions contesting Commerce determinations pursuant to section 516A(a)(2)(B)(iv), the summons must be filed within 30 days of the date of mailing of the determination. 19 U.S.C. § 1516a(a)(2)(A)(ii). Commerce did not mail the *Circumvention Determination* but instead provided notice through publication in the Federal Register on May 29, 2025.

5.    This action was timely commenced within 30 days of the date of publication of Commerce's *Circumvention Determination* through the filing of the Summons on June 30, 2025. The Complaint in this action is being timely filed on July 30, 2025. The Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## BACKGROUND

6.    In 2014, Commerce issued an AD order on MSG from China. *Monosodium Glutamate from the People's Republic of China, and the Republic of Indonesia: Antidumping Duty Orders; and Monosodium Glutamate from the People's Republic of China: Amended Final*

*Determination of Sales at Less Than Fair Value*, 79 Fed. Reg. 70,505 (Nov. 26, 2014).

7. In May 2024, Commerce published in the Federal Register a notice that it was "initiating a country-wide circumvention inquiry to determine whether imports of {MSG} from Malaysia are circumventing the {AD) order on MSG from the {China}." *Monosodium Glutamate from the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping Duty Order*, 89 Fed. Reg. 42,425 (May 15, 2024) ("*Initiation Notice*").

8. In January 2025, Commerce received a covered merchandise referral from U.S. Customs and Border Protection ("CBP") in connection with the ongoing CBP Enforce and Protect Act ("EAPA") investigation Consol. No. 7950, initiated in April 2024, in which duty evasion of the AD order on MSG from China via transshipment of MSG from China through Malaysia was alleged in March 2024. Notice of Initiation of Investigation and Interim Measures - EAPA Consolidated Case 7950 (July 9, 2024) ("Interim Measures"), at 2. Plaintiffs first received notice of this EAPA investigation in July 2024, and it covered their entries of MSG from Malaysia back to March 11, 2023. *Id*. Commerce published a notice in the Federal Register that it intended to address this referral in the ongoing circumvention inquiry of the *Initiation Notice*. *Monosodium Glutamate from the People's Republic of China: Notice of Intent to Address Covered Merchandise Referral in Ongoing Circumvention Inquiry*, 90 Fed. Reg. 3183 (Jan. 14, 2025) ("*Covered Merchandise Referral*").

9. In its *Covered Merchandise Referral*, Commerce instructed CBP "to begin suspension of liquidation and require a cash deposit on unliquidated entries entered, or withdrawn from warehouse, prior to May 15, 2024." *Id*. at 3185. As a result, Plaintiffs became potentially subject to retroactive AD liability back before publication of both the *Covered Merchandise Referral* and the *Initiation Notice* back to March 11, 2023 – entries covered by the EAPA investigation.

Interim Measures at 2.

10.     In its *Covered Merchandise Referral*, Commerce stated: "Interested parties are invited to comment and submit factual information. . . . Commerce intends to provide interested parties with the opportunity to participate in the circumvention inquiry segment of the proceeding, including through the submission of comments and, as appropriate, factual information, and verification." *Id*. at 3184.

11.     In February 2025, Commerce published in the Federal Register its preliminary affirmative circumvention determination. *Monosodium Glutamate from the People's Republic of China: Preliminary Affirmative Determination of Circumvention*, 90 Fed. Reg. 10,068 (Feb. 21, 2025) ("*Preliminary Circumvention Determination*"), accompanying Decision Memorandum (Feb. 14, 2025), amended *Monosodium Glutamate from the People's Republic of China: Preliminary Affirmative Determination of Circumvention: Correction*, 90 Fed. Reg. 12,295 (Mar. 17, 2025).

12.     Plaintiffs accepted the invitation in the *Covered Merchandise Referral* and advised Commerce of their intent to submit factual information – first informally via email on February 20, 2025, and, when requested to do so by Commerce, through formal submission on March 21, 2025. Commerce on April 18, 2025, issued a determination prohibiting Plaintiffs from submitting factual information in the circumvention inquiry.

13.     In April 2025, Plaintiffs submitted their administrative case brief to Commerce in response to the *Preliminary Circumvention Determination*. Administrative Case Brief of CPF Legacy, LLC dba C. Pacific and JEFI Enterprise (USA) Inc. (Apr. 28, 2025). Plaintiffs argued that: (1) Commerce should not apply AD retroactively before the date of the *Initiation Notice*; (2) Plaintiffs should have been able to submit factual information as solicited in the *Covered*

4

*Merchandise Referral* ; and (3) Commerce improperly found circumvention. *Id*. at 1-14.

14. In May 2025, Commerce conducted a public hearing at which time counsel for Plaintiffs presented their position. Hearing Transcript (May 14, 2025).

15. On May 29, 2025, Commerce published in the Federal Register its *Circumvention Determination*, 90 Fed. Reg. 22,702. Commerce rejected all arguments advanced by Plaintiffs. *See Circumvention Determination*, 90 Fed. Reg. 22,702, IDM Comments 3-5.

## STATEMENT OF CLAIMS
## COUNT ONE (Unlawful Application of Retroactive AD Liability)

16. Paragraphs 1 to 15 are adopted and incorporated herein by reference.

17. Commerce did not make the requisite regulatory findings to support a retroactive AD assessment under either the circumvention or the covered merchandise referral regulations. Commerce made no such findings in its *Preliminary Circumvention Determination* and its subsequent finding of egregious circumvention is unsupported by substantial evidence. *See Circumvention Determination*, 90 Fed. Reg. 22,702, IDM Comment 3. Neither the covered merchandise regulation nor the circumvention regulation permit retroactive AD assessment in this inquiry. The date when Commerce publishes notice of its circumvention inquiry initiation is the clear cut-off in Commerce's regulations. Although Commerce may have been authorized to apply AD prior to the date that the *Covered Merchandise Referral* published, it lacked the authority to apply AD prior to the date that the *Initiation Notice* published.

18. Commerce improperly instructed CBP to suspend the liquidation of Plaintiffs' entries MSG from Malaysia in this circumvention inquiry. There is no regulatory basis to apply AD before publication of the *Initiation Notice*. Commerce's retroactive ADD application is unsupported by substantial evidence and otherwise not in accordance with law.

19.     Controlling judicial precedent confirms that Commerce must provide fair warning such that Plaintiffs would reasonably understand that products are subject to AD before such liability can be lawfully assessed retroactively. *Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487, 495 (Fed. Cir. 2020); *Trans Texas Tire, LLC v. United States*, 519 F. Supp. 3d 1275, 1287-88 (CIT 2021); *Trans Texas Tire, LLC v. United States*, 519 F. Supp. 3d. 1289, 1304-05 (CIT 2021).

20.     Plaintiffs did not receive fair warning that the MSG that they imported into the United States could be retroactively subject to AD before publication of the *Initiation Notice – i.e.*, May 15, 2025. The mere fact that an EAPA allegation was filed did not provide Plaintiffs with fair warning that AD liability could go back to March 11, 2023, particularly since Plaintiffs did not learn of the EAPA investigation until July 2024. Commerce's retroactive ADD application violates Plaintiffs' due process rights.

## COUNT TWO (Unlawful Denial to Submit Factual Information)

21.     Paragraphs 1 to 20 are adopted and incorporated herein by reference.

22.     Commerce unlawfully denied Plaintiffs' request to submit factual information so as to materially prejudice them in the circumvention inquiry. Plaintiffs reasonably understood from the *Covered Merchandise Referral* that Commerce would be setting a schedule for the submission of factual information. As such, Commerce unreasonably interfered with Plaintiffs' due process rights and deprived them of the ability to support their position with record evidence.

23.     Commerce unlawfully declined to permit Plaintiffs from submitting factual information, in contravention of the intent stated in the *Covered Merchandise Referral*. In so doing, Commerce acted unlawfully and arbitrarily, without the requisite substantial evidence, and abused its discretion by depriving Plaintiffs of their rights to due and administrative process.

### COUNT THREE (Unlawful Affirmative Circumvention Determination)

24. Paragraphs 1 to 23 are adopted and incorporated herein by reference.

25. Commerce unlawfully made an affirmative circumvention determination with respect to the MSG from Malaysia imported by Plaintiffs. For instance, Commerce's finding that all five factors under 19 U.S.C. § 1677j(b)(2)(A)-(E) determined that the process of assembly or completion in Malaysia is minor or insignificant was unsupported by substantial evidence and otherwise contrary to law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a) hold that Commerce's *Circumvention Determination* is unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the *Circumvention Determination* with instructions for Commerce to issue a new determination that is consistent with this Court's decision; and

(c) provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*/s/ Jordan C. Kahn*
Erik D. Smithweiss
Jordan C. Kahn

*Counsel to Plaintiffs CPF Legacy, LLC dba
C. Pacific and JEFI Enterprise (USA) Inc.*

Dated: July 30, 2025

## CERTIFICATE OF SERVICE

      I certify that I caused copies of the Complaint filed on July 30, 2025, in case number 25-00149 to be served by certified mail, return receipt requested, on July 30, 2025, upon each of the interested parties listed below.

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Jeanne E. Davidson, Esq.
Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

John D. McInerney, Esq.
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Pennsylvania Ave., NW
Washington, DC 20230

Iain R. McPhie, Esq.
**Baker Botts LLP**
700 K Street N.W.
Washington, DC 20001

William Marshall, Esq.
**Sandler, Travis & Rosenberg, P.A.**
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004-3002

Nurul Syuhada Abd Hamid
**Government of Malaysia**
Trade Practices Section, Level 9, MITI Tower, No. 7, Jalan Sultan Haji Ahmad Shah
50480 Kuala Lumpur, Malaysia

*/s/ Jordan C. Kahn*
GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

*Counsel for Plaintiffs*

13418570_1